# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BEJTUSH SYLEJMANI, on behalf
of himself and other similarly situated,

     Plaintiff,

v.                                     Civ. No. 25-1195 SCY/KK

FARMERS INSURANCE COMPANY
OF ARIZONA; FARMERS GROUP INC.;
MID-CENTURY INSURANCE COMPANY;
FARMERS INSURANCE EXCHANGE;
TRUCK INSURANCE EXCHANGE;
BRISTOL WEST INSURANCE COMPANY;
21ST CENTURY CASUALTY COMPANY;
21ST CENTURY CENTENNIAL INSURANCE
COMPANY; 21ST CENTURY NORTH
AMERICA INSURANCE COMPANY; 21ST
CENTURY PREMIER INSURANCE COMPANY;
FOREMOST INSURANCE COMPANY GRAND
RAPIDS, MICHIGAN; FOREMOST PROPERTY
& CASUALTY INSURANCE COMPANY; and
FOREMOST SIGNATURE INSURANCE COMPANY,

     Defendants.

## ORDER GRANTING MOTION FOR LEAVE TO FILE
## SECOND RULE 12(c) MOTION

Defendants, who previously filed a Rule 12(c) motion, seek leave to file a second Rule

12(c) motion based on a different defense. Because Rule 12(g)(2) does not prohibit successive

Rule 12(c) motions, and because Defendants intend to make an argument that was not available

to them when they filed their first motion, the Court grants leave for Defendants to file a second

Rule 12(c) motion.

## PROCEDURAL BACKGROUND

Plaintiff filed a class action complaint on October 21, 2025 in New Mexico state court.

Doc. 1-2. The complaint follows the New Mexico Supreme Court's decision in *Schmick v. State*

*Farm* and alleges the defendant insurance companies failed to inform Plaintiff about the *Schmick* offset regarding uninsured/underinsured motorist ("UM/UIM") coverage. *Id.* Defendants removed the case to federal court on December 2, 2025, Doc. 1, and filed an answer on January 6, 2026, Doc. 12. One of the defenses raised in the answer is that Plaintiff's claims are barred by the applicable statute of limitation. Doc. 12 ¶ 160. Shortly thereafter, the parties filed a joint status report, agreeing to stay discovery until Defendants' forthcoming motion for judgment on the pleadings is resolved. Doc. 14. As such, the Court vacated the scheduling conference and set a briefing schedule. Doc. 15.

On February 20, 2026, Defendants filed their motion for judgment on the pleadings under Rule 12(c), arguing that Defendants "undisputedly notified Plaintiff multiple times . . . that his UM/UIM coverage would be reduced by any liability coverage available to an at-fault motorist." Doc. 23 at 25; *see also* Doc. 25 (response); Doc. 29 (reply). After the parties finished briefing that motion, Defendants filed the present motion, seeking leave to file a second Rule 12(c) motion.[1] Doc. 31; *see also* Doc. 32 (response); Doc. 33 (reply).

## ANALYSIS

In their motion, Defendants argue that on February 27, 2026—after Defendants filed their first Rule 12(c) motion—the Tenth Circuit issued a decision *Hollis v. Farm Bureau* dismissing a similar insurance case based on the statute of limitation. Doc. 31 at 2 (citing *Hollis v. Farm Bureau Prop. & Cas. Ins. Co.*, No. 25-2059, 2026 WL 555505, at *1 (10th Cir. Feb. 27, 2026)). Defendants argue that *Hollis* is applicable to this case and as such, seek leave of the Court to file a second Rule 12(c) motion based on the statute of limitation. *Id.*

---

[1] Defendants request oral arguments on their motion but the Court finds that a hearing is unnecessary and that it can decide the matter according to the briefs. *See* D.N.M. LR-Civ. 7.6(a).

Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." However, Rule 12(g)(2) includes an exception for "a motion under Rule 12(c)" "to state a legal defense to a claim." Fed. R. Civ. P. 12(h)(2)(B); *see also Hunt v. Hamm*, No. CV 15-960 SCY/WPL, 2016 WL 10565462, at *3 (D.N.M. May 31, 2016) ("The plain language of Rule 12(h)(2) articulates limited exceptions to the consolidation requirement for, among other things, the filing of Rule 12(c) motions."). Thus, Defendants are not barred from filing a second Rule 12(c) motion.

Even assuming the Rule 12(g)(2) bar does apply to Rule 12(c) motions, Defendants argue that their proposed second Rule 12(c) motion would raise a defense that was unavailable at the time of their first motion. That is, although Defendants listed the statute of limitation as a defense in their answer, their proposed second Rule 12(c) motion would be based on the holding in *Hollis*, a decision that the Tenth Circuit issued after Defendants filed their first motion. Plaintiff spends the majority of his response brief arguing that *Hollis* is distinguishable from the present case and thus would not support Defendants' statute of limitation argument. Doc. 32 at 1, 3-4. Whether Defendants will ultimately be successful on a subsequent Rule 12(c) motion, however, does not change the fact that Defendants' statute of limitation argument, based on the *Hollis* holding, became available to them after they filed their first motion.

Lastly, Plaintiff argues that "[e]ven where Rule 12(c) motions are not strictly barred, courts retain discretion to deny successive motions that promote inefficiency or gamesmanship." Doc. 32 at 2. Given the timing of the *Hollis* ruling, however, the Court finds no gamesmanship on Defendants' part. Additionally, the Court does not find that a second motion would be inefficient piecemeal litigation as it has not yet decided the first motion.

## CONCLUSION

For these reasons, the Court grants Defendants' Motion for Leave to File a Second Rule 12(c) Motion and Set a Briefing Schedule (Doc. 31). Defendants shall file their second Rule 12(c) motion within **2 weeks** of entry of this Order. The response and reply shall be due according to the deadlines in the Court's Local Rules and subject to reasonable extensions. *See* D.N.M. LR-Civ. 7.4(a).

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE